# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARTIN DAVIS,

    Plaintiff,

v.                                        No. 17-cv-894-DRH-DGW

DR. BUTALID, LT. MUNBOWER,
NURSE JOHN DOE #1 and
NURSE JOHN DOE #2,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson on June 6, 2018 (doc. 38). The Report recommends that the Court grant defendants' oral motions to dismiss and that the action be dismissed with prejudice for plaintiff's failure to prosecute his claims. Based on the applicable law, the record, and the following, the Court **ADOPTS** the Report (doc. 38) in its entirety and **DISMISSES** the case **with prejudice**.

Concisely, plaintiff Davis brought this pro se action for deprivation of his constitutional rights under 42 U.S.C. § 1983 while incarcerated at Pickneyville Correctional Center. The Court screened Davis' complaint pursuant to 28 U.S.C. § 1915A and plaintiff is proceeding on three separate Eighth Amendment claims for deliberate indifference to medical conditions stemming from a diagnosis of Bell's palsy.

Thereafter, both named defendant Munbower and defendant Butalid filed motions for summary judgment based on plaintiff's failure to exhaust administrative remedies. *See* docs. 29; 32. At the same time as these filings, both defendants sent Davis Federal Rule of Civil Procedure Rule 56 Notices, informing plaintiff of the repercussions of not responding to the summary judgment motions. *See* docs. 31; 34. The motions and notices were all served to Davis at his new address in Champaign, Illinois. *See* Doc. 28, Notice of Change of Address. A hearing on the motions was set for May 22, 2018, doc. 35, and notice of the hearing was sent to plaintiff.

Plaintiff failed to respond in writing to the summary judgment motions by the original deadline and the Court *sua sponte* granted plaintiff an extension to respond to the motions until April 30, 2018. Doc. 36. Plaintiff again failed to respond. On May 22nd, counsel for defendants appeared for the scheduled motion hearing and plaintiff Davis failed to appear. *See* doc. 37. Both defendants orally moved for dismissal at the hearing, which the Court took under advisement. *Id*.

After the hearing, Magistrate Judge Wilkerson issued his Report pursuant to 28 U.S.C. § 636(b)(1)(B), recommending the Court grant the oral motions to dismiss, finding that plaintiff Davis failed to prosecute his case. Plaintiff has not had contact with the Court since filing his notice of change of address despite being served with the summary judgment motions and with three separate notices outlining the consequences of ignoring the defendants' filings. *See* docs. 31; 34; 36. Additionally, plaintiff failed to appear for the motion hearing. His actions

have demonstrated that plaintiff Davis no longer intends to pursue his claims: "The Court finds that Davis' failure to respond to the motions or appear for the scheduled hearing evidence that he is no longer interested in pursuing his claims. In light of Davis' apparent abandonment of this suit, the Court finds it unnecessarily burdensome to require Defendants to continue to defend against this action." Doc. 38 at 4.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. To date, none of the parties have filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report in its entirety (doc. 38) and **GRANTS** the defendants' oral motions to dismiss. The action is **dismissed with prejudice.** Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.02
13:09:16 -05'00'

United States District Judge